# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT CALDWELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:24-CV-82-RWS-JBB |
| | § | |
| KODY R. SHUR, ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Robert Caldwell, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

In his lawsuit, Plaintiff complains of alleged violations of due process in the TDCJ disciplinary and grievance procedures, as well as other alleged constitutional violations, during his confinement at the Telford Unit in New Boston, Texas. *Id.* He filed grievances dating from 2022 along with his complaint. Docket Nos. 1-1, 1-2. At the time Plaintiff filed his lawsuit in June of 2024, he was housed at the Estelle Unit in Huntsville, Texas. Docket No. 1 at 1.

After reviewing the pleadings, the Magistrate Judge issued a Report recommending that Plaintiff's lawsuit be dismissed. Docket No. 6. The Magistrate Judge observed that Plaintiff has filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Id.* at 1. As a result, he is barred from proceeding *in forma pauperis* unless he shows that he is in imminent danger of serious physical injury relating to the allegation of his complaint. 28 U.S.C. § 1915(g); *see Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Judd v. Fed. Elections Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009). In this

case, the allegations of the complaint appear to date from two years ago and occurred at a different unit from Plaintiff's current place of incarceration. *See, e.g.*, *McClure v. Livingston*, Civ. Action No. 5:12-cv-56, 2012 WL 5987408 (E.D. Tex., November 29, 2012) (incident occurring on Wynne Unit of TDCJ did not show imminent danger about claims occurring at the Telford Unit months before the complaint was filed). Because Plaintiff did not pay the full filing fee and did not allege imminent danger relating to the allegations of the complaint, the Magistrate Judge recommended that the lawsuit be dismissed.

In his objections (Docket No. 8), Plaintiff argues that he does not have to show imminent danger. Instead, he claims to have "surpassed the provisions of § 1915(g)" because he has shown with abundance of evidence that he has been the victim of constitutional violations through deliberate indifference. He argues that he does not have to meet the requirements of § 1915(g) because he has shown a constitutional violation. Plaintiff also claims that he has not given written consent for a magistrate judge to hear his case, rendering the Report void.

Plaintiff sought leave to proceed *in forma pauperis* and, as such, is bound by the *in forma pauperis* statutes, including § 1915(g). *Carson v, Johnson*, 112 F.3d 818, 819–20 (5th Cir. 1997). His claim that he is exempt from § 1915(g) because he is alleging a constitutional violation would render the statute essentially meaningless and lacks support in the law. *Id.; see also Baños*, 144 F.3d at 885. While Plaintiff contends that he has not consented to allow the Magistrate Judge to determine his lawsuit, the case has not been assigned to the Magistrate Judge for entry of final judgment under 28 U.S.C. § 636(c). Rather, the case has been referred to the Magistrate Judge for the conducting of pre-trial proceedings, including but not limited to the issuance of a Report recommending disposition of the case in accordance with 28 U.S.C. § 636(b)(1)(B). The consent of the parties is not required for a referral under § 636(b). *Newsome*

*v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). The Magistrate Judge correctly determined that Plaintiff's *in forma pauperis* lawsuit is barred by the three strikes provision of 28 U.S.C. § 1915(g). Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 8) are **OVERRULED** and the Report of the Magistrate Judge (Docket. No. 6) is **ADOPTED** as the opinion of the Court. The Court will enter a separate final judgment.

**So ORDERED and SIGNED this 7th day of March, 2025.**

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE